

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ABDULWAHAB HUMAYUN,<br><br>Defendant. | Case No. 1:21-CR-25 |

## STATEMENT OF FACTS

The United States and the defendant, ABDULWAHAB HUMAYUN (hereinafter, "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. From at least in or about May 2018 through at least in or about December 2020, in the Eastern District of Virginia and elsewhere, the defendant operated a Twitter account with UID 114766986 and the vanity name @AmericanEmirate. The defendant had previously operated the same account under different vanity names, including @mrdangeroush. The defendant used the @AmericanEmirate Twitter account to post a variety of images and "memes" containing nonspecific threats to kill, images of assault weapons, references to religious extremism, references to the involuntary celibate ("incel") movement, and references to violence.

2. On September 29, 2019, of his own accord, the defendant submitted an application for employment with the FBI, for a Technical Position under the 2020 FBI Collegiate Hiring Initiative. In support of his application, he completed an online application and attached his cover letter, resume, and college transcript. During the submission of his application, the defendant affirmed that he was "willing to undergo a comprehensive background investigation."

3. On October 1, 2020, the defendant was voluntarily interviewed at the FBI Northern Virginia Resident Agency in Manassas, Virginia, by two FBI Special Agents, in a meeting he understood to be a "Pre-Employment Processing Session" in support of his application for employment with FBI. Before the interview, the defendant signed a consent form acknowledging that making a knowing and willful false statement in the interview could subject him to penalties under 18 U.S.C. § 1001.

4. As part of the subject matter discussed in the interview, the defendant was asked questions about his social media use and social media accounts.

5. When specifically asked about his Twitter accounts, the defendant falsely claimed that he could not remember the name of his Twitter account, and that he thought it might have the vanity name @abdulwahab. Later in the interview he corrected himself and falsely said that he thought the Twitter account had the vanity name @mrdangeroush, which was a prior vanity name of the account. The defendant made these false statements with the intent of concealing the @AmericanEmirate account from FBI.

6. After the interview, the defendant returned to his home in Woodbridge, Virginia. Within hours of his return, he changed the settings on the @AmericanEmirate Twitter account to "protect Tweets," which made the account's Tweets and account information visible only to selected followers, rather than being visible to the public. The defendant did so with the continued intent to conceal @AmericanEmirate from FBI.

7. On October 2, 2020, while @AmericanEmirate was still set to "protect Tweets," the defendant created a new Twitter account with UID 1312039077672353794, with the vanity name @mrdangeroush, the account name he had given FBI during the interview. The defendant used the new Twitter account to create a Twitter bot that would appear to demonstrate his computer

programming skills. Shortly thereafter, he changed the account's vanity name to @dailycockatiels and programmed the bot to display randomly generated images of cockatiels (a type of domesticated parrot). The defendant created this account in order to direct FBI attention away from @AmericanEmirate, so as to continue to conceal it from FBI. The defendant left the @dailycockatiels account active and publicly viewable after its creation, and it remained so until his arrest on December 15, 2020. After creating @dailycockatiels, the defendant changed the settings on @AmericanEmirate to no longer "protect Tweets," *i.e.*, to make them publicly visible once again.

8. The defendant engaged in the above-described course of conduct as part of a scheme, trick, and device to falsify, conceal and cover up his operation and control of the @AmericanEmirate Twitter account, a material fact in the jurisdiction of the Executive Branch of the Government of the United States, in violation of 18 U.S.C. § 1001(a)(1).

9. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

10. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

Date: March 12, 2021          By: _____
                                  Danya E. Atiyeh
                                  Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, ABDULWAHAB HUMAYUN, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
ABDULWAHAB HUMAYUN

I am Lula Hagos, defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Lula Hagos, Esq.
Attorney for ABDULWAHAB HUMAYUN

5