IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 1:21-CR-25 |
| v. ) | |
| ) | The Honorable T.S. Ellis, III |
| ABDULWAHAB HUMAYUN, ) | |
| ) | Sentencing Date: May 28, 2021 |
| Defendant. ) | |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, by and through its undersigned attorneys, in accordance with 18 U.S.C. § 3553(a) and the United States Sentencing Commission Guidelines Manual ("U.S.S.G." or the "Guidelines"), hereby files this Position of the United States With Respect to Sentencing of the defendant, Abdulwahab Humayun.  The United States has no objection to the presentence investigation report ("PSR"), which correctly calculates the Guidelines range.  The United States respectfully submits that a sentence of at least one year of probation, at the low end of the defendant's Guidelines range of 0 to 6 months, would be sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

As described in the PSR and other documents in this case, the FBI began investigating the defendant in response to violent and threatening memes posted on his Twitter account, @AmericanEmirate.  Much of this content was extremist in nature and appeared to be influenced by violent Islamist and involuntary celibate ("incel") ideology.  As the investigation was ongoing, the defendant, who had recently completed his bachelor's degree, applied for an entry-level job with the FBI.

On October 1, 2020, the defendant was interviewed at FBI's Northern Virginia Resident Agency ("NVRA") in Manassas, Virginia, in what he understood to be a "Pre-Employment Processing Interview" in support of his job application. At the beginning of the interview, the defendant was informed of his obligation to tell the truth pursuant to 18 U.S.C. § 1001, and signed a form acknowledging his understanding. As part of the interview, the defendant was asked questions about his social media use. When specifically asked about his Twitter account, the defendant lied to the interviewing agents, initially telling them that he couldn't remember the name of the account, and then giving them a prior vanity name of the account, @mrdangeroush. Almost immediately after returning home from the interview, the defendant logged into the @AmericanEmirate Twitter account, changed its settings so that it was no longer publicly viewable, and then created a second, decoy Twitter account with the vanity name @mrdangeroush. Over the next few days, the defendant set up the new @mrdangeroush Twitter account to display a Twitter bot that would highlight his computer programming skills. This was intended to appear to be in support of his job application, but was really to divert FBI's attention away from the @AmericanEmirate Twitter account. Once he created the @mrdangeroush account, the defendant made @AmericanEmirate publicly viewable again.

On December 14, 2020, the defendant was charged by criminal complaint with falsifying, concealing or covering up a material fact by means of trick, scheme, or device in violation of 18 U.S.C. § 1001(a)(1). The defendant was arrested the next day, appeared virtually before the magistrate, and was released on bond that same day. On March 12, 2021, the defendant pled guilty before this Court to a one-count Criminal Information on the same charge, and was continued on bond.

## II. ARGUMENT

### A. Sentencing Guidelines and Sentencing Factors

In considering an appropriate sentence, a district court examines both the Sentencing Guidelines and the statutory factors established under 18 U.S.C. § 3553(a). *See United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). To determine a sentence, "[a] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines." *Id*. at 546. "Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *Id*. at 546. Those factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to promote respect for the law, provide just punishment, deter criminal conduct, protect the public, and avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a). The Supreme Court held in *United States v. Booker*, 543 U.S. 220 (2005), that although the sentencing guidelines are advisory in nature, courts "must consult these Guidelines and take them into account when sentencing." *Id.* at 264.

### B. Guidelines Calculation

In accordance with Section 6A1.2 of the Guidelines, the United States represents that it has reviewed the Presentence Investigation Report prepared in this matter and concurs with the findings of the Probation Office and its Guidelines range calculation of 0 to 6 months, based on a total offense level of 4 and a Criminal History Category of I.

### C. Application of 18 U.S.C. § 3553 Factors and the Government's Recommendation

In this case, the government submits that the defendant should receive a sentence of at least one year of probation, at the low end of the Guidelines range of 0 to 6 months, because such a sentence will reasonably and appropriately account for all the factors set forth in 18 U.S.C.

§ 3553(a). The government's rationale for this sentence is more fully discussed in the under seal supplement to this filing.

In sum, a sentence at the low end of the Guidelines range of 0-6 months will adequately address the nature and circumstances of the offense and account for the defendant's history and characteristics.

### III. CONCLUSION

For the foregoing reasons, the United States respectfully submits that a sentence of at least one year of probation, at the low end of the defendant's Guidelines range of 0 to 6 months of imprisonment would be sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

Respectfully submitted,

Raj Parekh
Acting United States Attorney

By: /s/
Danya E. Atiyeh
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700
(703) 299-3982 (fax)
danya.e.atiyeh@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on May 21, 2021, I filed the foregoing using the ECF system, which will send a copy to defense counsel of record.

                                                                                                /s/
Danya E. Atiyeh
Virginia Bar No. 81821
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Ave.
Alexandria, VA 22314
(703) 299-3700
(703) 299-3982 (fax)
danya.e.atiyeh@usdoj.gov